Billie Lovelace, Respondent, v. Anthony J. Arcieri, Appellant.

Third Department, December 28, 1962.

James R. Carmody for appellant.

William Gallow, Jr., for respondent.

Per Curiam. An order of filiation was made in the Children's Court of Chemung County September 30, 1960 directing that defendant-appellant provide support for a child borne by complainant-respondent April 30, 1957. The order is based on the finding by the court that the defendant was the father of the child; and that the child was " born out of wedlock " within the scope of former article 8 of the Domestic Relations Law.

This child does not, however, come within the definitions of that statute as it read in 1960. The mother was at the time of conception and at the time of the birth of the child a married woman, not the wife of defendant. The testimony shows, and it is conceded, that she lived with her husband at least from May, 1956 to July 22, 1956.

A " child born out of wedlock " is a child " begotten and born " while " the husband of its mother was separate from her a whole year previous to its birth " (Domestic Relations Law, former § 119, subd. 1, par. [b]). This obviously means that where the mother is married, her child by a man other than her husband is not a child born out of wedlock if within a " whole year " before its birth, or a whole year before its conception she was not separated from her husband.

It is immaterial whether the parties to the marriage testify, as they both did here, that there was no intercourse between them during the period they were not separated. It is plainly the policy of the statute for reasons obviously based on sound public policy not to treat such a child as one born out of wedlock. (Cf. Commissioner of Public Welfare v. Koehler, 284 N. Y. 260.)

And while the same subdivision includes as a child born out of wedlock one born " out of lawful matrimony " this means one

born to an unmarried mother; or one born to a married mother separated from her husband for " a whole year " before birth and conception. The two provisions in immediate context following as paragraphs (a) and (b) in the same subdivision could have no other possible rational meaning.

The order should be reversed and the complaint dismissed, without costs.

BERGAN, P. J., GIBSON, HERLIHY and TAYLOR, JJ., concur.

Order reversed and complaint dismissed, without costs.